# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2011

No. 10-30743

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENNETH WAYNE PEARSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CR-10012-3

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Pearson appeals the district court's denial of his 18 U.S.C. § 3582(c) motion to reduce his sentence following amendments to the crack cocaine Guidelines. This court reviews a district court's denial of a § 3582(c)(2) motion for abuse of discretion, its interpretation of the Guidelines *de novo*, and its factual findings for clear error. *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The policy statement provided in U.S.S.G. § 1B1.10(a)(1) authorizes a district court to reduce a sentence under § 3582(c)(2) if the defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1), p.s.; *see also* § 1B1.10, cmmt. n.1(A).

After Pearson was resentenced following remand pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines were amended to decrease by two levels the base offense levels for crack cocaine offenses such as Pearson's. *See* U.S.S.G. Supp. to App'x C, Amends. 706, 711; *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). The Guidelines policy statement provides, however, that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and [*Booker*], a further reduction generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B), p.s.

Post-*Booker*, this court recognizes three types of sentences: (1) sentences within a properly calculated guidelines range; (2) sentences that an include an upward or downward departure as allowed by the Guidelines; and (3) non-guidelines sentences that are either higher or lower than the relevant guidelines sentence. *United States v. Smith*, 440 F.3d 704, 706–07 (5th Cir. 2006). Pearson's argument that his 188-month sentence of imprisonment was a guidelines sentence and not the result of a departure is unavailing. When resentencing Pearson on remand, the district court declined to alter Pearson's offense level, and instead selected a guidelines range of imprisonment it deemed

appropriate. The district court made no reference to the Guidelines' provisions for departure. As such, it imposed a non-guidelines sentence. *See United States v. Armendariz*, 451 F.3d 352, 358 n.5 (5th Cir. 2006) (treating downward deviation as a non-guidelines sentence because the district court made no reference to departing from the Guidelines or to the Guidelines' provisions for departure); *Smith*, 440 F.3d at 707–08 & 708 n.3 (district court properly imposed non-guidelines sentence when it calculated defendant's guidelines range of imprisonment, used that range as a reference, and made an upward deviation without making an upward departure within the Guidelines).

Because Pearson's original sentence was a non-guidelines sentence, imposed after a *Booker* remand, under the Guidelines policy statement no further reduction was warranted. *See Gonzalez-Balderas*, 105 F.3d at 982; U.S.S.G. § 1B1.10(b)(2)(B), p.s. Therefore, the district court did not abuse its discretion when it denied Pearson's § 3582(c)(2) motion. *See Henderson,* 636 F.3d at 717.

AFFIRMED.