**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2012

No. 11-30532

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONAVAN BARRINGTON McCLUNE, also known as Vertone Evans, also known as Donavan Allen,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50029-2

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

In this appeal, appellant challenges the district court's order denying his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his sentence. We affirm.

I.

In accordance with a written plea agreement, Donavan Barrington McClune pleaded guilty to one count of possession of five grams or more of cocaine base with intent to distribute. His guidelines sentencing range was 188-235 months in prison, but he received a sentence of 141 months in prison and a five-year term of supervised release. This sentence was the result of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 5K1.1 motion filed by the Government specifically requesting that McClune receive "a 40 percent reduction in [his] overall sentence." McClune took no direct appeal. His 28 U.S.C. § 2255 motion was denied by the district court, and a judge of this court denied his request for a certificate of appealability.

In January 2008, McClune filed a pro se § 3582(c)(2) motion in which he sought a sentencing reduction based on the retroactive amendments to the crack cocaine guideline. The probation office prepared a recalculation worksheet and determined that McClune's guidelines sentencing range under the amendments to the crack guidelines was 151-188 months in prison.

The Federal Public Defender was appointed to represent McClune, and he then filed a sentencing memorandum with the assistance of counsel. He requested that his sentence be reduced to 113 months in prison, which was a 40% reduction from the high end of his recalculated guidelines sentencing range. The Government did not oppose the granting of a comparable reduction in this case.

The district court denied the motion after reviewing the record. The district court gave the following explanation for its decision:

> Having reviewed the Probation Officer's re-calculation of the applicable Guideline range of imprisonment, the response thereto, and the record in this matter, including the Pre-Sentence Report, the Court finds that the Defendant previously received adjustment under a Government motion filed pursuant to Section 5K1.1 of the [] Guidelines at which time the Court had determined a total sentence pursuant to the [] § 3553(a) factors. Accordingly, the Court will not reduce the Defendant's sentence further.

A panel of this court reversed this decision and remanded for further proceedings. *United States v. Henderson*, 636 F.3d 713 (5th Cir. 2011). The panel "agree[d]" with McClune's contention "that the district court erred by failing to reconsider the sentencing factors set forth in 18 U.S.C. § 3553(a) when it evaluated his motion." *Id.* at 715.

No. 11-30532

On remand, the district court again denied McClune's request for a reduction in sentence. The district court issued the following reasons in support of this order:

> Having reviewed the Probation Officer's re-calculation of the applicable Guideline range of imprisonment, the response thereto, and the record in this matter, including the Pre-Sentence Report and Defendant's sentencing memorandum requesting a comparable reduction, the Court finds, in its discretion, that the Defendant's sentence shall not be reduced further. On remand and in compliance with the directive of the Fifth Circuit, the Court notes that it has, in fact, duly considered the factors under 18 U.S.C. § 3553(a) in reaching both its previous and current decisions to deny the sentence reduction. The Court reiterates its previous decision.

McClune timely noticed his appeal.

## II.

In the sole issue raised in this appeal, McClune argues that the district court abused its discretion by not giving detailed reasons for denying his § 3582(c) motion. He concedes that the district court "stated that it considered the § 3553(a) factors when it reevaluated [his] motion on remand" yet contends that the court nonetheless erred by not enunciating "specific reasons regarding how it weighed the various factors or otherwise exercised its discretion." Under McClune's view, the district court's order "leaves nothing meaningful to review and, thus, constitutes an abuse of discretion."

Nevertheless, McClune acknowledges this court's prior holding in *United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), that a district court need not give factual findings or legal conclusions in connection with its denial of a § 3582(c) motion. In light of this jurisprudence, he "wishes to preserve the issue for further review." The Government agrees that *Evans* controls and avers that the district court gave sufficient reasons to support its denial of McClune's motion.

AFFIRMED.