# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-50401
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2015

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESPIGMENIO HERNANDEZ, JR.,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-442-1

————

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Espigmenio Hernandez, Jr. was convicted by a jury of aiding and abetting possession with intent to distribute marijuana. He was sentenced at the top of the guidelines range to a 210-month term of imprisonment and to an eight-year period of supervised release, and he was ordered to pay a $100,000 fine. Hernandez filed a motion for a reduction of his sentence, under 18 U.S.C. § 3582(c)(2), in light of Sentencing Guidelines Amendment 782, which reduced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

penalties for certain drug trafficking offenses.  The motion was granted, and Hernandez's sentence of imprisonment was reduced to 168 months. Hernandez gave timely notice of his appeal from the order.

The district court certified that the appeal had not been taken in good faith, and it denied Hernandez's motion for leave to proceed in forma pauperis (IFP) on appeal.  Hernandez has challenged the district court's certification decision by applying to this court for leave to proceed IFP on appeal.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

After considering the factors in 18 U.S.C. § 3553(a), the district court may reduce a term of imprisonment that was based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines.  § 3582(c)(2).  The district court's order granting a sentence reduction is reviewed for an abuse of discretion.  *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Hernandez contends that the district court erred in failing to discuss its application of the statutory sentencing factors and in failing to provide a record of its reasons for its modification decision sufficient to allow meaningful appellate review.  He complains that the record does not reflect whether the district court considered his arguments with respect to post-sentencing rehabilitation.  These contentions are without merit.

The district court's order recited that the court had considered Hernandez's motion, U.S.S.G. § 1B1.10 (p.s.), and the sentencing factors set forth in § 3553(a).  A sentencing court is not required to explain its application of the statutory sentencing factors in ruling on a § 3582(c)(2) motion.  *United*

No. 15-50401

*States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011) (discussing *Evans*, 587 F.3d at 673).

Hernandez has failed to show that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. His motion for leave to proceed IFP on appeal is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *see also Baugh*, 117 F.3d at 202 n.24.