# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50431
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY JOE MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1282-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bobby Joe Martinez appeals the denial of the 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to the Sentencing Guidelines. Martinez contends that the district court abused its discretion by denying the motion for a sentence reduction. Specifically, he asserts that the district court incorrectly assessed the facts of his case, namely, that he had been in and out of prison since the age of 17, that he had been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50431

involved in gang activity, and that he had continually returned to drug crimes upon release from prison.  Martinez further argues that the district court overstated the seriousness of his offense, his criminal history, and his potential to reoffend.  Finally, he contends that the district court failed to adequately consider mitigating facts, including, his personal history, his cooperation with the Government, and the need to avoid unwarranted sentencing disparities.

The district court is under no obligation to reduce a sentence in response to a § 3582(c)(2) motion.  *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Our review of the district court's denial of a § 3582(c)(2) motion is for an abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  If the record reflects that the district court gave due consideration to a § 3582(c)(2) motion as a whole and considered the 18 U.S.C. § 3553(a) factors, even implicitly, there is no abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The record shows that the district court considered the § 3582(c)(2) motion and the motion for reconsideration, Martinez's original and reduced guidelines ranges, and the information from Martinez's original sentencing, including, his criminal history and the details of the instant drug offense. Nevertheless, the district court determined that the § 3553(a) factors and relevant public safety concerns under U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)), p.s. weighed against exercising its discretion to reduce Martinez's sentence. This determination is supported by the record.  Accordingly, Martinez has failed to demonstrate that the district court abused its discretion by denying the § 3582(c)(2) motion.  *See Henderson*, 636 F.3d at 717; *Whitebird*, 55 F.3d at 1010.

AFFIRMED.