# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAXIMINO DELEON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-714-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maximino DeLeon, federal prisoner # 67035-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782. By moving to proceed IFP, DeLeon is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50712

When considering whether a litigant has shown good faith for IFP purposes, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. Alternatively, "where the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Id.* at 202 & n.24; *see* 5TH CIR. R. 42.2.

A district court that is considering a § 3582(c)(2) motion must first determine whether a prisoner is eligible for a reduction. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). If this question is answered affirmatively, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. We review the district court's ruling on a § 3582(c)(2) motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Because DeLeon's base offense level was not changed by Amendment 782, his sentencing range was not lowered by the Commission, and he was not eligible for a sentence reduction under § 3582(c)(2). *See* § 3582(c)(2). The district court did not abuse its discretion by denying the motion. *See id.*; *Henderson*, 636 F.3d at 717.

DeLeon has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED. *See* 5TH CIR. R. 42.2.