# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50138

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

RAMIRO RIOS,

      Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1476-2

Before STEWART, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant appeals the district court's denial of his motion to reduce his drug trafficking sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We granted Defendant-Appellant's Motion to Expedite Appeal on May 12, 2016. Defendant-Appellant's term of imprisonment is due to end on August 13, 2016.

No. 16-50138

## I. FACTS & PROCEDURAL HISTORY

According to the record, in September 2010, Jose Alfredo Hernandez[2] was stopped in Eagle Pass, Texas, after the Maverick County Sheriff's Department received an anonymous call reporting the transportation of narcotics. Upon stopping Hernandez, officers discovered ten camouflaged marijuana bundles in plain view in the bed of the red Dodge pickup truck he was driving, totaling approximately 188 net kilograms.[3] Hernandez was arrested and officers read him his *Miranda* rights. Shortly thereafter, Hernandez confessed to transporting the marijuana from a casino in Eagle Pass to a separate location where another individual intended to retrieve it. Hernandez then explained that Defendant-Appellant Ramiro Rios owned the pickup truck that he was driving. Hernandez stated that he paid Rios $250.00 for use of the truck and had warned Rios that, if he did not return within an hour of borrowing the vehicle, it was likely that problems had arisen with the marijuana transport and everyone would "go down."

When Hernandez failed to return with the pickup truck, Rios reported it stolen. The next day, Rios was contacted by the Sheriff's Department and told to come pick up his vehicle. When Rios arrived to pick up his truck he was interviewed by Immigration and Customs Enforcement. He admitted to loaning his truck to Hernandez and was arrested and charged with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B) & 846. He was released on bond pending his trial. In June 2011, a jury found Rios guilty as charged.

---

[2] Jose Alfredo Hernandez and Rios were co-defendants in the criminal proceedings below; however, Hernandez is not a party to this appeal.

[3] According to the Presentence Investigation Report, additional marijuana bundles were discovered in the back seat after Hernandez exited the vehicle.

No. 16-50138

According to the Presentence Investigation Report, Rios's base offense level was 26 and was not subject to any aggravating or mitigating adjustments. *See* U.S.S.G. § 2D1.1(a)(5). Based off of Rios's total offense level and criminal history category of I, the recommended Sentencing Guidelines range was calculated as 63 to 78 months' imprisonment, with a statutory minimum sentence of 60 months. In December 2011, the district court sentenced Rios to 72 months' imprisonment with credit for time served, followed by a 5-year term of supervised release. Rios did not appeal his conviction or sentence.

In March 2015, the parties filed a sealed Agreed Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 of the Guidelines. According to Amendment 782, the base offense level for Rios's drug trafficking offense was reduced from 26 to 24, lowering the recommended sentencing range from 63 to 78 months' imprisonment to 60 to 63 months. *See* U.S.S.G. § 1B1.10(b),(d), p.s.; App. C, amend. 782; *see also* U.S.S.G. § 2D1.1(c). In the agreed-upon motion, the parties requested a 2-level reduction to Rios's base offense level and that his sentence be reduced to 60 months.[4]

In January 2016, the district court conducted a hearing on the Agreed Motion for a Sentence Reduction. During the hearing, Rios presented evidence of his educational progress in prison that included numerous classes on life skills, plumbing, and drugs. He had also been assigned as a work detail unit orderly since 2013. The parties agreed on the record that reducing Rios's sentence to 60 months would be appropriate. The district court denied the motion, citing the evidence and testimony presented during the jury trial in 2011. In the written order subsequently issued, the district court indicated that "[t]he sentence remains at 72 months based on the evidence the court

---

[4] Although Amendment 782 is retroactively applicable, the earliest possible release date under the amendment is November 1, 2015, or later. *See* U.S.S.G. § 1B1.10(e)(1).

No. 16-50138

heard at trial.  Seriousness of the offense."  The order also stated that the district court had considered the Policy Statement set forth in U.S.S.G. § 1B1.10 and the sentencing factors listed in 18 U.S.C. § 3553(a).

Rios filed this appeal.

## II. STANDARD OF REVIEW

We review a district court's decision on "whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011) (citation omitted).  We review a district court's interpretation of the Guidelines de novo and its findings of fact for clear error.  *Id.*  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (citation omitted).

## III. DISCUSSION

On appeal, Rios argues that the district court's denial of his motion for a sentence reduction was an abuse of discretion.  He contends that the district court failed to adequately consider the mitigating factors in his favor and overstated the seriousness of his offense.  We disagree.

The Sentencing Guidelines provide that a court may reduce a defendant's term of imprisonment when the defendant was sentenced in accordance with a sentencing range that has subsequently been lowered by the Sentencing Commission.  *See* 18 U.S.S.G. § 3582(c)(2).  Under this section, the district court may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*; *see also United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  Relevant to the court's consideration of the Section 3553(a) sentencing factors are the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, promote

respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  The court may also consider the defendant's post-sentencing conduct in determining whether a reduction is warranted.  *See* U.S.S.G. § 1B1.10, cmt. (n.1(B)(iii)); *see also United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

Although its reasoning was brief, the record reflects that the district court adequately considered the relevant sentencing factors under Section 3553(a), the relevant Guidelines Policy Statement, and Rios's post-sentencing conduct in determining that a reduction of his sentence was not warranted. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10, p.s., cmt. (n.1(B)(iii)).  The district court indicated at the hearing and in its written order that it was denying the motion based on the evidence presented at Rios's previous jury trial and the seriousness of his drug trafficking offense.  Further, the district court allowed Rios to present ample evidence of his post-sentencing conduct at the hearing, including his good behavior in prison, and his completion of numerous classes ranging from job skills to drug education.  While Rios may not agree with the district court's conclusion that a reduction of his sentence was not warranted, its decision was supported by adequate consideration of the relevant sentencing factors and Guidelines Policy Statement, as well as the mitigating evidence provided at the hearing.  Accordingly, we hold that the district court did not abuse its discretion in denying the motion.  *See Henderson*, 636 F.3d at 717.

## IV. CONCLUSION

For the reasons stated herein, we affirm the district court's denial of Defendant-Appellant's Agreed Motion for a Sentence Reduction.