**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

Lyle W. Cayce
Clerk

No. 08-30998

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRIC HENDERSON, JR,

Defendant - Appellant.

Consolidated With

No. 08-31098

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONAVAN BARRINGTON MCCLUNE, also known as, Donavan Allen also known as, Vertone Evans,

Defendant - Appellant.

Consolidated With

No. 08-31142

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY KIRKENDOLL,

Defendant - Appellant.

Appeals from the United States District Court
for the Western District of Louisiana

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:

This consolidated appeal involves three district courts and three defendants: Cedric Henderson, Jr., Donavan Barrington McClune, and Bobby Kirkendoll. Each defendant appeals the respective district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the United States

2

Sentencing Commission. The defendants each argue that the district court erred by failing to reconsider the sentencing factors set forth in 18 U.S.C. § 3553(a) when it evaluated his motion. We agree and REVERSE.

## FACTS AND PROCEEDINGS

Amendments to the Sentencing Guidelines, which took effect on November 1, 2007, reduced the base offense level by two levels for most crack cocaine offenses. U.S. Sentencing Guidelines Manual (2007), App. C, Amend. 706. The Sentencing Commission made the amendment retroactive as of March 3, 2008. U.S. Sentencing Guidelines Manual (2007), App. C, Amend. 713. As of that date, defendants serving eligible crack cocaine-based sentences could file a motion for a sentence reduction under § 3582(c)(2), which permits the district court to "reduce the [defendant's] term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A.   *Cedric Henderson, Jr.*

Cedric Henderson, Jr., pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). The applicable Guidelines range of imprisonment was 188 to 235 months and the statutory minimum sentence was ten years. Pursuant to the Government's 18 U.S.C. § 3553(e) motion for downward departure, the district court sentenced Henderson to 100 months of imprisonment. This sentence constituted a 47% departure from the low end of Henderson's Guidelines sentence.

Following the amendment to base offense levels for crack cocaine offenses, the probation officer recalculated Henderson's Guidelines range and determined that he was subject to an amended range of 151 to 188 months of imprisonment

3

and no statutory minimum sentence. Henderson then filed a sentencing memorandum arguing that the district court was authorized to grant a comparable reduction of his sentence pursuant to U.S.S.G. § 1B1.10(b)(2)(B). He requested that the court grant him a comparable reduction and raised several § 3553(a) arguments that the district court did not have before it at his original sentencing: the unwarranted sentencing disparity between crack and powder cocaine recognized by Amendment 702; the still-existing unwarranted sentencing disparity between crack and powder cocaine; and his post-conviction rehabilitation efforts. The district court ultimately concluded that a further reduction was not warranted:

> Having reviewed the Probation Office's re-calculation of the applicable Guideline range of imprisonment and the record in this matter, including the Pre-Sentence Report, the Court finds that the defendant previously received adjustment under a Government 5K1.1 Motion, at which time the Court determined a total sentence pursuant to 18 U.S.C. § 3553(a) factors. Accordingly, the Court will not reduce the Defendant's sentence further.

Henderson filed a timely notice of appeal.

B.    *Donavan Barrington McClune*

In accordance with a written plea agreement, Donavan Barrington McClune pleaded guilty to one count of possession of five grams or more of crack cocaine with intent to distribute. The probation officer determined that McClune was responsible for 578.6 grams of crack cocaine. His total offense level was 36 and his criminal history category I, yielding a Guidelines sentencing range of 188 to 235 months in prison. The Government filed a motion under U.S.S.G. § 5K1.1 specifically requesting that McClune receive "a 40 percent reduction in [his] overall sentence." The district court, relying on that motion, sentenced McClune to serve 141 months in prison.

4

McClune subsequently filed a § 3582(c)(2) motion seeking a sentence reduction based on the retroactive amendments to the crack cocaine Guidelines. The probation officer determined that McClune's amended Guidelines sentencing range was 151 to 188 months in prison. McClune filed a sentencing memorandum requesting that the district court reduce his sentence to 113 months in prison, a 40% reduction from the top of the recalculated Guidelines range, based on the § 3553(a) factors. His request was based on arguments that were not before the court at his original sentencing: the unwarranted sentencing disparity between crack and powder cocaine recognized by Amendment 702; the still-existing unwarranted sentencing disparity between crack and powder cocaine; his "exemplary" prison record; his rehabilitation efforts; and that he earned a departure at his original sentencing due to his substantial assistance.

The district court reviewed the record and denied the motion, giving the following explanation:

> Having reviewed the Probation Officer's re-calculation of the applicable Guideline range of imprisonment, the response thereto, and the record in this matter, including the Pre-Sentence Report, the Court finds that the Defendant previously received adjustment under a Government motion filed pursuant to Section 5K1.1 of the [] Guidelines at which time the Court had determined a total sentence pursuant to the [] § 3553(a) factors. Accordingly, the Court will not reduce the Defendant's sentence further.

McClune filed a timely notice of appeal.

C.    *Bobby Kirkendoll*

Bobby Kirkendoll pleaded guilty to one count of possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The applicable Guidelines range of imprisonment for Kirkendoll's offenses was 168 to 210 months, with a ten-year statutory

5

minimum. Pursuant to the Government's § 3553(e) motion for downward departure and the district court's consideration of the § 3553(a) factors, Kirkendoll received concurrent terms of 144 months on the crack cocaine conviction and 120 months on the firearm conviction. Kirkendoll filed a motion for rehearing pursuant to Federal Rule of Criminal Procedure 35(a). The district court granted the motion and resentenced him to two concurrent terms of 96 months of imprisonment.

Following the retroactive amendment to the base offense levels for crack cocaine offenses, the probation officer recalculated Kirkendoll's crack cocaine sentence and determined that he was subject to an amended Guidelines range of 135 to 168 months of imprisonment with no statutory minimum sentence. Kirkendoll filed a sentencing memorandum requesting a comparable reduction of his sentence pursuant to U.S.S.G. § 1B1.10(b)(2)(B). He urged the court to consider the still-existing unwarranted disparity between crack and powder cocaine sentences and his efforts at rehabilitation since his incarceration. The district court denied the sentence reduction, finding that:

> Having reviewed the Probation Office's re-calculation of the applicable Guideline range of imprisonment, the responses thereto, and the record in this matter, including the Pre-Sentence Report, the Court finds that the defendant previously received adjustment under a government motion filed pursuant to . . . § 3553(e) at which time the Court had determined a total sentence pursuant to . . . § 3553(a) factors. Accordingly, the Court will not reduce Defendant's sentence further.

Kirkendoll filed a timely notice of appeal.

## STANDARD OF REVIEW

This court reviews a district court's decision "whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error." *United States*

6

*v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010) (internal citations omitted).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005) (internal quotation marks and footnote omitted).

## DISCUSSION

As noted above, § 3582(c)(2) grants the district court discretion to modify a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 236–37 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  The Supreme Court has recently made it clear that, to determine whether to reduce a sentence pursuant to § 3582(c)(2), the district court must conduct a two-step inquiry. *Dillon v. United States*, __ U.S. __, 130 S. Ct. 2683, 2691 (2010).  Step one of the inquiry requires the court to follow the instructions in U.S.S.G.§ 1B1.10 to determine whether the prisoner is eligible for a sentence modification and the extent of the reduction authorized.  *Id.*  Step two requires the "court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction authorized by [§ 1B1.10] is warranted in whole or in part under the particular circumstances of the case."  *Id.* at 2692 (footnote added).

---

[1] Section 3553 instructs the court to "impose a sentence sufficient, but not greater than necessary" and to consider, in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and punish the offense, to deter criminal conduct, protect the public, and provide the defendant with training or medical treatment; (3) the kinds of sentences available; (4) the sentencing range established in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

In relevant part, § 1B1.10 requires the court to begin by "determin[ing] the amended guideline range . . . applicable to the defendant." U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). It then specifies that the court must impose a sentence equal to or above the low end of the amended range unless the term of imprisonment imposed at sentencing was below the defendant's original Guidelines range. *Id.* at § 1B1.10(b)(2)(A)–(B). If the defendant originally received a below-Guidelines sentence, in response to a § 3582(c)(2) motion, the court may grant a comparable reduction: "a reduction comparably less than the amended guideline range." *Id.* at § 1B1.10(b)(2)(B); *see also Dillon*, 130 S. Ct. at 2691–92.

In the cases on appeal, because the defendants' original sentences were lower than their original Guidelines ranges, it was within the district courts' discretion to grant them each a comparable reduction. *Dillon*, 130 S. Ct. at 2691–92. The district courts were also free to determine that no further reduction was warranted. *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (holding that "[t]here is simply no basis" to make mandatory a sentencing reduction under § 3582(c)(2)). The defendants nevertheless request that we reverse the district courts' denial of their motions because, they argue, the record in each case shows that the district court did not properly perform step two of the analysis. They argue that the courts misapprehended and failed to fulfill their duty to reconsider the § 3553(a) factors in connection with the § 3582(c)(2) motions. The defendants submit that this failure was particularly harmful to them because they each raised new arguments regarding the application of the § 3553(a) factors in their motions.[2]

---

[2] As this court held in *Smith*, 595 F.3d at 1323, a sentencing court may consider a federal prisoner's post-conviction conduct when evaluating a motion pursuant to § 3582(c)(2).

8

In response to a § 3582(c)(2) motion, the district court must conduct a contemporaneous review of the § 3553(a) factors. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). However, a sentencing court is not required to explain its application of those factors or its reasons for denying the motion. *Id.* "[T]hat the court did not mention the § 3553(a) factors . . . does not mean that it did not consider them." *Id.* A court satisfies its obligation to review the § 3553(a) factors if it can be determined from the record that it "gave due consideration to the motion as a whole, and implicitly to the factors set forth in § 3553(a)." *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Further, when a "court had those arguments in front of it when it made its determination . . . . we can assume that it considered them." *Evans*, 587 F.3d at 673 (quotation marks and citation omitted).

These consolidated cases present the court with a unique question. Although we normally assume that a district court has reconsidered the § 3553(a) factors when it is faced with § 3553(a) arguments, these defendants raise the issue of whether we continue to make this assumption when a court implies that it is not required to and does not reconsider the factors because it considered them when imposing a below-Guidelines sentence at the original sentencing. In the consolidated cases, each district court found that the defendant had previously received a below-Guidelines sentence, "at which time the Court determined a total sentence pursuant to the 18 U.S.C. § 3553(a) factors. Accordingly, the Court will not reduce the Defendant's sentence further."

In *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009), we addressed the defendant's contention that the district court did not understand its authority to grant him a comparable reduction. Based on the district court's finding, after reviewing Cooley's § 3582(c)(2) motion, that "no further reductions

9

are warranted," we held that the court had understood its ability to grant Cooley a reduction and determined that none was warranted. *Id.* In contrast to *Cooley*, where "we d[id] not glean from the district court's summary order a misapprehension of its authority," *id.*, it is apparent in the three cases before us that the district courts did misapprehend, if not their authority to grant a comparable reduction, then their duty to reevaluate the § 3553(a) factors when considering whether such a reduction was warranted. The district courts' use of the word "accordingly" in their decisions indicates that they relied on the evaluation of the § 3553(a) factors undertaken at the original sentencing and declined to conduct a new evaluation of those factors. These courts did not recognize, and therefore did not satisfy, the requirement that they reconsider the § 3553(a) factors when deciding whether to reduce a sentence in response to a § 3582(c)(2) motion. *See Evans*, 587 F.3d at 673.

## CONCLUSION

For these reasons, we REVERSE the district courts' denial of the defendants' motions for sentence reduction under 18 U.S.C. § 3582(c)(2) and REMAND for reevaluation of the motions.