# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 31, 2012

Lyle W. Cayce
Clerk

No. 12-10266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES KENNETH OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CR-12-1

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Kenneth Owens, now federal prisoner # 35530-177, was convicted of possession of five grams or more of cocaine base with intent to distribute and was sentenced at the top of the guidelines imprisonment range to a 175-month term of imprisonment and to a five-year period of supervised release. Owens's subsequent motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 706 to the Sentencing Guidelines was denied. Owens did not appeal that order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10266

After the Sentencing Commission adopted Amendment 750 to the Sentencing Guidelines, which implemented the Fair Sentencing Act of 2010 (FSA) and revised the Guidelines applicable to offenses involving cocaine base, Owens filed another motion for a reduction of his sentence under § 3582(c)(2). The district court determined that Owens was eligible for a reduction of his sentence but denied relief after considering Owens's current motion and the statutory sentencing factors. *See* 18 U.S.C. § 3553(a).

In determining whether to reduce a sentence, the district court first determines whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). If the court determines that a defendant is eligible for a sentence modification, it must then consider the applicable § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692. A district court has no obligation to grant § 3582(c)(2) relief. *United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011). Our review of the district court's refusal to lower Owens's sentence under § 3582(c)(2) is for an abuse of discretion. *Henderson*, 636 F.3d at 717.

Owens complains that the district court should not have considered the same factors in denying both of his § 3582(c)(2) motions and that it failed to obtain a response from the Government before denying his latest motion. He contends, without elaboration, that his Constitutional rights have been violated and that the district court gave inadequate weight to his post-conviction behavior and rehabilitative efforts.

The district court was required to consider the statutory sentencing factors, and it did so. *See Dillon,* 130 S. Ct. at 2692; *see also* § 3582(c)(2). No abuse of discretion has been shown. *See Henderson*, 636 F.3d at 717-18. The district court's order is AFFIRMED.