# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2012

Lyle W. Cayce
Clerk

No. 12-10289
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-60-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Alexander, federal prisoner #25906-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentencing reduction based upon Amendment 750 to the Sentencing Guidelines. He argues that: (1) the district court could have lowered his sentence because Amendment 750 altered his base offense level; (2) the district court failed to mention the specific circumstances that led it to decline to exercise its discretion to lower his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence; and (3) the Government's assertion that he was responsible for 4.11 kilograms of crack cocaine is erroneous.

A district court may grant a § 3582(c)(2) motion only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). This court reviews a district court's decision "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (citation omitted).

Alexander's original guidelines range of imprisonment was 360 months to life. Applying Amendment 750, his guidelines range of imprisonment is still 360 months to life. *See* U.S.S.G. Ch. 5, Pt. A. Therefore, the district court did not err in concluding that Alexander was ineligible for a sentence reduction and did not abuse its discretion in denying his motion.

Accordingly, the district court's judgment is AFFIRMED.