# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2013

No. 13-30007
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANK HUGHES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:95-CR-50071-10

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Frank Hughes, federal prisoner #04160-043, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence pursuant to Amendment 750 to the Sentencing Guidelines.

Following his 1996 conviction of conspiracy to distribute cocaine and in excess of 50 grams of cocaine base (crack cocaine), Hughes was sentenced, *inter alia*, to 324 months' imprisonment. In 2010, however, following retroactive Amendment 706 to the Guidelines for cocaine base, the court determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hughes' amended Guidelines sentencing range was 262 to 327 months' imprisonment.  Pursuant to § 3582(c)(2), the sentence was reduced to 262 months.

For the motion at issue following retroactive Amendment 750 in 2011, the court determined no further reduction of the sentence was warranted under § 3582(c)(2) because the amendment did not lower Hughes' Guidelines sentencing range below that applicable following Amendment 706.

Hughes contends the court based its recalculation of his Guidelines sentencing range on erroneous drug quantities.  Relying on a strained interpretation of the sentencing transcript, he contends the sentencing court held him responsible only for 1.6237 kilograms of cocaine base and no amount of powder cocaine, and any attempt to hold him accountable for the latter would be contrary to that court's explicit findings of fact.

This court reviews a decision regarding "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion".  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (citation and internal quotation marks omitted). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id*. (citation and internal quotation marks omitted).

A two-step analysis applies in § 3582(c)(2) proceedings.  *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010).  First, the court must determine the "[G]uideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing".  *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *see Dillon*, 130 S. Ct. at 2691.  Second, if defendant is eligible for a sentence modification, then the court must consider the applicable § 3553(a) sentencing factors to determine whether modification is warranted.  *Hernandez*, 645 F.3d at 711-12; *see Dillon*, 130 S. Ct. at 2692.

No. 13-30007

Hughes' attempt to relitigate the facts underlying his original sentence exceeds the scope of a § 3582(c)(2) proceeding. *Hernandez*, 645 F.3d at 711. Because Amendment 750 did not lower Hughes' applicable Guidelines sentencing range, the court did not abuse its discretion by denying his motion.

AFFIRMED.