# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN NEIL PATTERSON, also known as Raver,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-195

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Justin Neil Patterson appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the 235-month sentence imposed on his guilty plea conviction for conspiracy to possess with intent to distribute and to distribute more than 50 grams of pure methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A).  Patterson contends that he was entitled to a two-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction in his offense level based on Amendment 782 to U.S.S.G. § 2D1.1 and that the district court denied his motion without reason.

Under 18 U.S.C. § 3582(c)(2), a sentence may be modified if the defendant's term of imprisonment was based on a sentencing range later lowered by the Sentencing Commission and made retroactively available. U.S.S.G. § 1B1.10(a); *Dillon v. United States*, 560 U.S. 817, 825–26 (2010). When considering a § 3582(c)(2) motion, the district court is to conduct a two-step analysis. *Dillon*, 560 U.S. at 826. The court must first determine whether the defendant is eligible for a reduction under § 1B1.10. *Id.* at 827. If he is, the district court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion," a reduction is warranted under the facts of the case. *Id.* This court reviews a district court's sentence reduction determination under § 3582(c)(2) for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

In Patterson's case, our analysis ends with the first step. Contrary to his contention, the district court's order addressed his eligibility for a sentence reduction, correctly holding that he was not eligible. Amendment 782 provides a base offense level of 38 for a defendant convicted of an offense involving 4.5 kilograms of "Ice" methamphetamine—the same level applied to Patterson. *Compare* U.S.S.G., APP. C, AMEND. 782, *with* § 2D1.1(c)(1) (2005). Thus, the district court was without authority to "modify [the] term of imprisonment . . . imposed" on Patterson. *Dillon*, 560 U.S. at 819. Because Patterson fails the first part of the *Dillon* analysis, additional discussion is unnecessary. *Id.* at 826.

AFFIRMED.