# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JON HAROLD ROYAL ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:90-CR-104

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jon Harold Royal, federal prisoner # 26464-079, was convicted of conspiracy to possess with intent to distribute cocaine and sentenced to 360 months of imprisonment. He now appeals the denial of his 18 U.S.C. § 3582(c)(2) motion, which was based upon Amendment 782 to the Sentencing Guidelines. That amendment effectively lowered the base offense levels applicable to most drug offenses by two levels. *See* U.S.S.G. § 1B1.10(d);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50398

U.S.S.G., App. C., Amend. 782.  We review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion and its factual findings for clear error.  *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011).

Royal argues that the correct amended guidelines range was 292 to 365 months of imprisonment and that the district court abused its discretion by finding that his 360-month sentence was less than the midpoint of that amended range.  Royal's calculations are based on a criminal history category of III; however, the record indicates that his criminal history category was IV, making the correct amended guidelines range 324 to 405 months of imprisonment.  Thus, the district court did not clearly err or abuse its discretion in finding that Royal's 360-month sentence was less than the midpoint of the new range.  *See Henderson,* 636 F.3d at 717.

Next, Royal argues that the district court abused its discretion by finding that his 360-month sentence was appropriate in light of his offense conduct and relevant conduct.  Because his sentence was at the bottom of the original guidelines range, but it is near the top of the amended range, Royal argues the district court should have reduced his sentence.  However, the assertion that his sentence is near the top of the amended guidelines range is incorrect; as discussed above, Royal miscalculated the amended range.  In addition, the district court's reasons indicate that it properly considered his § 3582(c)(2) motion, the 18 U.S.C. § 3553(a) factors, and the nature of Royal's offense and other relevant conduct.  *See United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995).

Royal has failed to show that the district court's denial of his § 3582(c)(2) motion was an abuse of discretion.  *See Henderson,* 636 F.3d at 717. Accordingly, the judgment of the district court is AFFIRMED.