# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM CHEN SALEE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-179-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

William Chen Salee, federal prisoner # 32137-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion in which he argued that he was entitled to a reduction of his sentence based on Amendment 782 to U.S.S.G. § 2D1.1. Salee contends that the district court erred in denying his § 3582(c)(2) motion without considering the sentencing factors set out in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10010

We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005)).

Though Salee faults the district court for failing to consider the § 3553(a) factors, such consideration is only required after a district court first determines that a reduction of a defendant's sentence is consistent with U.S.S.G. § 1B1.10. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). A reduction of Salee's sentence would be inconsistent with § 1B1.10 because, as the district court explained, Amendment 782 did not have the effect of lowering Salee's base offense level. Salee was held responsible for at least 4.5 kilograms of ice methamphetamine, and even after Amendment 782, that drug quantity still results in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c). Because Salee was not eligible for a sentence reduction, the district court did not have the discretion to consider reducing his sentence and was not required to consider the § 3553(a) factors. *See Dillon*, 560 U.S. at 826.

Accordingly, the judgment of the district court is AFFIRMED.