# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-50540
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEDRICK DEMON MCCARTHER,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-296-1

———————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sedrick Demon McCarther, federal prisoner # 04204-180, is appealing the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his 60-month sentence imposed following his guilty plea to possession with intent to distribute cocaine base. He argues that he was entitled to a two-level reduction in his offense level based on Amendment 782 to U.S.S.G. § 2D1.1 and that, in denying the motion, the district court placed too much emphasis on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history and did not consider his post-sentencing conduct. Additionally, McCarther contends that the majority of the § 3582 motions filed in the Eastern District of Texas are granted and that there was no basis for his disparate treatment.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion and its factual findings are reviewed for clear error. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). When considering a § 3582(c)(2) motion, the district court is to conduct a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The court must first determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Id.* at 827. If he is, the district court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," a reduction is warranted under the facts of the case. *Id.*

The district court recognized that McCarther was eligible for the reduction of sentence and also considered the documentation that he submitted reflecting his post-sentence conduct. *Id.* However, the district court determined that, based on McCarther's extensive criminal history, there was a continued need to impose a sentence sufficient to protect the public from his wrongdoing and to deter McCarther from engaging further criminal activity. Thus, the record reflects that the district court considered the appropriate policy statements and § 3553(a) factors in determining that the initial 60-month sentence remained reasonable. McCarther has not demonstrated that the district court abused its discretion in denying the motion. *Se Dillon*, 560 U.S. at 827. § 1B1.10, comment. (n.1(B)(i)-(iii)).

AFFIRMED.