# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR JACOBO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-47-3

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Jacobo, federal prisoner # 30507-177, pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and aiding and abetting. The district court sentenced him to 292 months of imprisonment.  He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c).  We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2).  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005)).

At his original sentencing, Jacobo was assigned a base offense level of 38 under the applicable version of § 2D1.1(c)(1) because his offense involved 5,026 grams of methamphetamine (actual).  Jacobo contends that this calculation was based on an incorrect amount of methamphetamine and that the district court should have corrected that error when calculating his amended sentencing range.  However, challenges to his original sentencing are not cognizable under § 3582(c).  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

Based on the amount of methamphetamine involved, Jacobo's base offense level remains unchanged under amended § 2D1.1(c)(1).  Accordingly, he was not eligible for a sentence reduction under § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(2)(B).  The district court did not abuse its discretion in denying his motion.

AFFIRMED.