# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRUCTUOSO RODRIGUEZ, JR., also known as Tocho,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-693-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Fructuoso Rodriguez, Jr., appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court originally sentenced Rodriguez to 135 months of imprisonment after he was convicted for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Following Amendment 782 to the Sentencing Guidelines, the district court denied Rodriguez's motion for a reduction to 120 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion and its factual findings are reviewed for clear error. *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011).

The parties do not dispute that Rodriguez was eligible for a reduction. The district court concluded that Rodriguez, who received a four-level sentencing enhancement for being an organizer or leader, should not receive a sentence less than that of his co-defendant. Because he originally received a lesser sentence than this co-defendant, primarily based on the fact that he received an offense-level reduction for acceptance of responsibility that his co-defendant did not receive, Rodriguez argues that the failure to maintain that disparity in sentences with his co-defendant shows that the district impermissibly revisited its guidelines determinations.

Despite Rodriguez's assertions, we find nothing in the record to indicate that the district court impermissibly revisited its other original guidelines calculations. Instead, the district court conducted the required reevaluation of the 18 U.S.C. § 3553(a) factors and concluded that a significant disparity between Rodriguez's sentence and his co-defendant's sentence was not warranted in light of his role in the offense. *See Henderson,* 636 F.3d at 719. It is clear that the district court understood its responsibility to consider the § 3553(a) factors and that it did so. *See Dillon v. United States,* 560 U.S. 817, 827 (2010). Therefore, Rodriguez has not shown that the district court abused its discretion by denying his motion.

AFFIRMED.