# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BRIAN TERRY, also known as B. T.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-293-4

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Brian Terry, federal prisoner # 42458-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c).  We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2).  *United States v. Henderson*, 636 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11291

713, 717 (5th Cir. 2011).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005)).

At his original sentencing, Terry's offense level was calculated based on the career-offender guideline in § 4B1.1 and not the drug amounts in § 2D1.1(c).  Accordingly, his sentence was not based on a guideline that has been amended, and the district court did not abuse its discretion in concluding that he is not eligible for a sentence reduction.  *See United States v. Banks*, 770 F.3d 346, 349 (5th Cir. 2014).  He cannot use a § 3582(c)(2) motion to challenge the application of the career-offender guideline provision at his original sentencing based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("A modification proceeding is not the forum for a collateral attack on a sentence long since imposed . . . .").

AFFIRMED.