# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MONTREAL BLAIR, also known as Monty,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-168-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Montreal Blair, federal prisoner # 35120-177, moves for leave to proceed in forma pauperis (IFP) in appealing the order of the district court granting his 18 U.S.C. § 3582(c)(2) motion and reducing his sentence for distributing 50 grams or more of a mixture or substance containing cocaine base to 190 months of imprisonment pursuant to Amendment 782 to the United States Sentencing Guidelines. Blair challenges the district court's certification under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10170

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith and argues that the district court erroneously calculated the amended guidelines range as part of its § 3582(c)(2) analysis.

Our inquiry into Blair's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We review a district court's decision "whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error."  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* at 717 (internal quotation marks and citation omitted).

The district court determined that, under Amendment 782, Blair's base offense level was 34 and his resulting guidelines range was 188-235 months of imprisonment.  However, as reflected in the Presentence Report prepared at the time of his initial sentencing, Blair was held responsible for 889 grams of cocaine base and 8.389 kilograms of powder cocaine; under Amendment 782, these amounts convert to a total of 4,852.419 kilograms of marijuana equivalent.  Consequently, Blair's base offense level under Amendment 782 decreased to 32 (the level assigned to offenses involving at least 3,000 but less than 10,000 kilograms of marijuana) and his guidelines range fell to 151-188 months of imprisonment.  Blair has shown not only the existence of a nonfrivolous issue, *see Howard*, 707 F.2d at 220, but that the district court erroneously calculated the amended guidelines range and abused its discretion.  *See Henderson*, 636 F.3d at 717.

No. 16-10170

Blair's motion for leave to proceed IFP is GRANTED, the judgment is VACATED, and the case is REMANDED for further proceedings. We in no manner intimate the extent of any § 3582(c)(2) reduction to which Blair may be entitled. Blair's motions to expedite the appeal and for release pending the appeal are DENIED as moot.