# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50932

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSHUA LEE BRADFORD,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-85-1

Before DAVIS, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Two federal courts have sentenced Joshua Lee Bradford for possession with the intent to distribute methamphetamine. The first court, sitting in the Eastern District of Texas, imposed a 292-month sentence in June 2007, for an offense that took place in December 2006. The Eastern District later reduced this sentence to 195-months in January 2008.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50932

The second court, sitting in the Western District of Texas, imposed an additional 195-month sentence in June 2008, for an offense that took place in February 2007. This was a below-guideline sentence that was intended to, in part, provide parity between the two districts. The Western District further ordered that the two sentences run concurrent.

In 2014, the United States Sentencing Commission passed a retroactive amendment to the United States Sentencing Guidelines, which made Bradford eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Bradford moved to have his sentenced reduced in both districts. The Eastern District granted Bradford's motion. The Western District denied it.

The Western District was well-aware that its denial put it in conflict with the Eastern District, and provided the following explanation:

> Defendant's original guideline range was 360 months to life. His 195-month sentence was imposed to provide parity with a similar sentence imposed in the Eastern District of Texas, which was used to provide relevant conduct in this case. Although Defendant is eligible for a reduction under [18 U.S.C. § 3582(c)(2)], and was awarded a reduction in the Eastern District of Texas, the undersigned is persuaded such a reduction is unwarranted after consideration of the factors under 18 U.S.C. [§] 3553 in light of Defendant's criminal history and the need to protect the public.

Bradford now argues that the Western District's denial created "unwarranted sentence disparities"[1] and should be reversed.

We review a district court's denial of an 18 U.S.C. § 3582(c)(2) motion for abuse of discretion.[2] A district court abuses its discretion when it fails to weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a).[3] The actual

---

[1] *See* 18 U.S.C. § 3553(a)(6).

[2] *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

[3] *See ibid.*

No. 16-50932

weighing of those factors, however, is "left to the sound discretion of the trial court."[4]

In this case, the Western District recognized that its denial created sentence disparities, but prioritized the need to protect the public. Both are relevant 18 U.S.C. § 3553(a) factors, and neither is paramount.[5] The district court's decision to depart with parity – sound or unsound – did not constitute an abuse of discretion.

AFFIRMED.

---

[4] *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).
[5] *See* 18 U.S.C. § 3553(a)(2)(C), (a)(6).