# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50634
Summary Calendar

United States Court of Appeals
Fif h Circuit
**FILED**
July 10, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY OCHOA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-85-2

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Johnny Ochoa, Jr., federal prisoner # 58242-280, was convicted by a jury of conspiracy to possess with intent to distribute five kilograms or more of cocaine and unlawful use of a communication facility; he received a sentence of 235 months in prison for the drug offense. On direct appeal, we held that the district court had elected not to apply the mandatory minimum 20-year sentence under 21 U.S.C. § 841(b)(1) despite determining that the Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had sufficiently proved that Ochoa had a prior felony drug conviction and that the 235-month sentence was a reasonable within-guidelines sentence. *United States v. Ochoa*, 667 F.3d 643, 650-51 (5th Cir. 2012).

In 2014, Ochoa filed the instant 18 U.S.C. § 3582(c)(2) motion, asserting that his sentence should be decreased pursuant to Amendment 782 of the Guidelines. The district court originally denied the motion, concluding that Ochoa was not eligible for a reduction because his original and amended guidelines range remained the statutory minimum sentence of 240 months in prison. During the briefing process, we granted the Government's motion for a limited remand. At that time, the district court concluded that Ochoa was eligible for a two-level offense level reduction, that the newly applicable guidelines range was 151-188 months in prison, and that a sentence of 188 months was appropriate.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). On remand, the district court granted Ochoa's requested relief by awarding him the two-level sentencing reduction and imposing a lower sentence. Although Ochoa had requested a sentence at the bottom of the newly applicable guidelines range, the district court was under no obligation to grant him any sentence reduction, much less a lower sentence within the recalculated range. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

In his reply brief, Ochoa argues that, when calculating the newly applicable range under Amendment 782, the district court should have first subtracted a two-level enhancement resulting from his prior felony drug conviction. We decline to consider arguments made for the first time in a reply brief. *See United States v. Daniel*, 957 F.2d 162, 170 n.6 (5th Cir. 1992).

No. 15-50634

Moreover, the district court did not impose an enhancement to the base offense level because of Ochoa's prior conviction.

Ochoa has not established that the district court abused its discretion in granting his § 3582(c)(2) motion and in reducing his sentence to 188 months in prison. Accordingly, the judgment of the district court is AFFIRMED.