# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK HOLDEN, also known as D-Lo, also known as Terrance T. Holden,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-209-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Derrick Holden, federal prisoner # 14428-035, was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine and was sentenced to 135 months of imprisonment and five years of supervised release. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Sentencing Guidelines Amendments 782 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30101

788. He contends that the district court relied on a clearly erroneous assessment of the evidence when it found that he posed a continued threat to public safety and, therefore, abused its discretion in denying his § 3582(c)(2) motion.

Holden had prior convictions for drug possession, domestic abuse battery, burglary of a habitation, and simple assault. He participated in an attempted robbery of a drug stash house in the instant offense. He was resentenced for the instant offense after it was discovered that he had used his brother's name at the time of his arrest, prosecution, and original sentencing. At this resentencing, he received a significant downward departure from the original guidelines range on account of his substantial assistance to the Government. All his prison disciplinary violations, except for failing to stand count, occurred after he was resentenced. The district court's finding that Holden posed a continued threat to public safety was plausible in light of his criminal history and his prison disciplinary record and, therefore, the district court's determination that a sentence reduction was not warranted was not based on a clearly erroneous assessment of the evidence and was not an abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.