# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL PINEDA PINEDA, also known as Sealed3, also known as Chame, also known as Sammy,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-70-3

Before HIGGINBOTHAM, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Samuel Pineda Pineda, federal prisoner # 17572-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his sentence for conspiracy to possess with intent to distribute a controlled substance. The motion was based on Sentencing Guidelines Amendment 782.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40904

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). De novo review applies to the district court's interpretation of the Sentencing Guidelines, and we review the district court's factual findings for clear error. *Id.*

Pineda Pineda argues that the district court erred in finding in the § 3582(c)(2) proceeding that he was responsible for more than 4.5 kilograms of actual methamphetamine, a quantity that rendered him ineligible for a sentence reduction under § 3582(c)(2) based on Amendment 782. The drug quantity assessed when Pineda Pineda was sentenced, an undetermined amount above 1.5 kilograms, was not specific enough to determine his eligibility for § 3582(c)(2) relief. The district court did not abuse its discretion here in making the supplemental drug-quantity finding, based on the record at the time of Pineda Pineda's sentencing, to determine his eligibility for a sentence reduction. *See United States v. Hernandez*, 645 F.3d 709, 712-13 (5th Cir. 2011). The supplemental finding is consistent with the district court's finding at sentencing and is not clearly erroneous based on the evidence.

AFFIRMED.