# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40989
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE HERIBERTO RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-903-1

Before BARKSDALE, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jose Heriberto Ramirez, federal prisoner # 27159-179 and proceeding *pro se*, challenges the district court's order denying his motion seeking a reduction of his sentence, based on United States Sentencing Guidelines Amendment 782 (lowering drug-related base offense levels) and pursuant to 18 U.S.C. § 3582(c)(2).   Ramirez contends the court failed to obtain and consider the archived transcript of his sentencing hearing before ruling on his motion.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40989

Without the transcript, he asserts, the court was unable to apply the 18 U.S.C. § 3553(a) sentencing factors. He claims: he should have been resentenced at the low end of the amended Guidelines sentencing range; and such a sentence would have been comparable to the original sentence and, therefore, sufficient to satisfy the § 3553(a) sentencing factors.

The court's "decision whether to reduce a sentence pursuant to § 3582(c)" is reviewed for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). A decision based on a legal error or a "clearly erroneous assessment of the evidence" is an abuse of discretion. *Id.* (citation omitted). The court's interpretation of the Guidelines is reviewed *de novo*; its factual findings, for clear error. *Id.* (citation omitted).

In ruling on a § 3582(c)(2) motion, the court must determine, pursuant to Guideline § 1B1.10, "whether the prisoner is eligible for a sentence modification and the extent of the reduction authorized". *Id.* (citation omitted). If reduction is authorized, the court must consider any applicable statutory sentencing factors, enumerated in § 3553(a), "and determine whether, in its discretion", the authorized reduction "is warranted in whole or in part under the particular circumstances of the case". *Id.* (citation omitted).

A district court has no obligation to grant a sentence reduction and is not required to explain its application of the statutory sentencing factors in ruling on a § 3582(c)(2) motion. *Id.* at 717–18. "A court satisfies its obligation to review the § 3553(a) factors if it can be determined from the record that it gave due consideration to the motion as a whole, and implicitly to the factors set forth in § 3553(a)." *Id.* at 718 (internal quotation marks and citation omitted).

The district judge who originally sentenced Ramirez decided the instant motion for a sentence reduction. The electronic record available to the court

from that sentencing included:   Ramirez' objections to the presentence investigation report (PSR); his motion for a downward departure; the Government's response to his PSR objections and downward-departure motion; the judgment, including a 26-page attached memorandum opinion denying his motion for new trial; and our court's opinion describing the evidence, and affirming his conviction and sentence, 145 F. App'x 915 (5th Cir. 2005).  Even assuming *arguendo* the court did not consider the transcript to which Ramirez refers, it had access to ample record documents supporting its conclusion in its order denying the motion that "the sentence was appropriate under the dictates of . . . § 3553(a)".

AFFIRMED.