# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2021

Lyle W. Cayce
Clerk

No. 20-40331
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRIN LASHAON BETTS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:13-CR-22-1

Before HAYNES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:*

Darrin Lashaon Betts, federal prisoner # 21755-078, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Sentencing Guidelines Amendment 782. Betts pleaded guilty in 2015 pursuant to a Federal Rule of Criminal Procedure

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40331

11(c)(1)(C) plea agreement to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He contends that the district court abused its discretion in denying the § 3582(c)(2) motion despite the plea agreement because, under *Hughes v. United States*, 138 S. Ct. 1765 (2018), both the Government and the district court acknowledged the applicable guidelines range at sentencing and because he did not receive a benefit from the plea agreement.

This court reviews the district court's denial of Betts's § 3582(c)(2) motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Section 3582(c)(2) allows for the discretionary reduction of a sentence when the defendant is sentenced to a prison term based on a sentencing range that has subsequently been lowered by the Sentencing Commission under 28 U.S.C. § 994(o) if the reduction is consistent with Sentencing Commission policy statements. § 3582(c)(2). A two-step process governs a motion for a sentence reduction. *Id.* First, the district court determines if the defendant is eligible for a reduction under U.S.S.G. § 1B1.10 and the extent of the reduction authorized by the amended guidelines range. *Henderson*, 636 F.3d at 717. If the defendant is eligible for a reduction, the district court proceeds to the second step to determine whether, in its discretion, a reduction is warranted in consideration of any applicable § 3553(a) factors. *Id.* Amendment 782, which became effective on November 1, 2014, amended the drug quantity tables and lowered by two levels the base offense levels for certain drug offenses. *See* U.S.S.G., App. C., Amend. 782; U.S.S.G. § 1B1.10(d).

As the Government points out, the district court applied Amendment 782 in the determination of Betts's guidelines range at sentencing. Thus, there is no new amendment to consider. Additionally, the district court at the original sentencing made clear that even without the guidelines, the sentence imposed would have been the same. Accordingly, Betts has not

No. 20-40331

shown that the district court abused its discretion in denying his motion for a § 3582(c)(2) sentence reduction.

AFFIRMED.