# United States Court of Appeals for the Fifth Circuit

---

No. 22-50873
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Edward Johnson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Charles Johnson, federal prisoner #83808-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the 365-month sentence imposed for possession with intent to distribute at least five grams of a mixture or substance containing cocaine base within 1,000 feet of a public elementary school. Johnson sought reduction of his sentence based on Amendment 750 to the Sentencing Guidelines and in light of his post-sentencing conduct.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50873

The district court decided that Johnson was not entitled to early release because he posed a serious danger to society, and the 18 U.S.C. § 3553(a) sentencing factors did not warrant a reduction. We review for abuse of discretion the decision whether to reduce a sentence under § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Johnson contends that the district court violated *Concepcion v. United States*, 142 S. Ct. 2389 (2022), by failing to consider his post-sentencing conduct. He also asserts that the court did not properly evaluate the factors that supported the grant of a reduction. Johnson additionally moves for summary judgment.

In *Concepcion*, the Court addressed § 404(b) of the First Step Act and determined that if a prisoner is eligible for relief under that provision because he was convicted of one of certain offenses that involve cocaine base, the district court may consider a wide range of factors upon resentencing. *Concepcion*, 142 S. Ct. at 2396, 2401–05. There is no indication that *Concepcion* broadened the scope of what district courts may consider when ruling on a § 3582(c)(2) motion, which, per the express dictates of Congress, may be granted only if a reduction is consistent with the applicable policy statements of the Sentencing Commission. *See id.* at 2401–05; § 3582(c)(2).

In any event, Johnson has not shown that the district court abused its discretion. *See Henderson*, 636 F.3d at 718. The court did not have to consider his rehabilitative conduct in determining whether a reduction was merited. *See United States v. Evans*, 587 F.3d 667, 673 & n.10 (5th Cir. 2009). The record otherwise suggests that the court gave due consideration to the § 3582(c)(2) motion—in which Johnson contended that he was entitled to an early release based on his post-sentencing conduct—as well as the applicable § 3553(a) factors. *See Henderson*, 636 F.3d at 718; *Evans*, 587 F.3d at 673. To the extent that Johnson disagrees with the weight the court gave to certain

2

No. 22-50873

factors, he may not show that the court abused its discretion on that basis. *See Evans*, 587 F.3d at 672–73.

Accordingly, the judgment is AFFIRMED.  The motion for summary judgment is DENIED.