# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10492
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOISES LOPEZ, also known as Moy,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-30-2

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Moises Lopez, federal prisoner # 32182-177, was convicted in 2006 of possession with the intent to distribute more than 50 grams of methamphetamine. He was sentenced within the advisory guidelines sentencing range to 292 months of imprisonment. On appeal, Lopez challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence in light of Amendment 782 to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10492

Lopez argues that Amendment 782 generally reduces a defendant's base offense level (BOL) by two levels, "at a minimum," and that the district court's determination that his BOL remained 38 must have been the result of some mathematical error. He also challenges the district court's basing its sentence on his being responsible for more than 13 kilograms of methamphetamine "ice" when he pleaded guilty only to an offense involving more than 50 grams of methamphetamine and stipulated to being involved with only 455 grams of methamphetamine.

The allegations in the indictment and Lopez's admissions are pertinent only as to his statutory sentencing exposure. *See Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Lopez's contention that the district court erred in determining drug type and quantity for purposes of calculating his BOL prior to his original sentencing is not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).

The district court correctly followed the instruction of U.S.S.G. § 1B1.10(b)(1) and substituted the amended version of U.S.S.G. § 2D1.1(c) for the prior version of § 2D1.1(c). It explained that, even under the amended version of § 2D1.1(c)(1), an offense involving more than 4.5 kilograms of methamphetamine "ice" calls for a BOL of 38. It further explained that because Amendment 782 did not have the effect of lowering Lopez's BOL, he was not entitled to relief under § 3582(c)(2). Lopez has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

AFFIRMED.