# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS GARZA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1204-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garza, federal prisoner # 78390-279, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentencing reduction based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. In deciding a Section 3582(c)(2) motion, the district court is required first to consider whether the movant is eligible for a sentence reduction and then to consider whether, as a matter of discretion, the reduction "is warranted in whole or in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Garza's contentions are unavailing.

First, Garza argues that the district court procedurally erred because, before denying his motion, the court failed to compute the applicable guidelines range with the reduction. This argument is not supported by the record. *Id.*; U.S.S.G. § 1B1.10(b)(1) (policy statement). Moreover, the district court implicitly determined that Garza was eligible for the reduction but that he was not entitled to it, such that any error in not complying with the first step was harmless.

Second, Garza argues that the district court abused its discretion when it denied his motion because it applied 18 U.S.C. § 3553(a) too narrowly in that it focused on Garza's prior criminal history, which it had already considered, and ignored other factors, such as his post-sentence rehabilitation conduct. This argument is also unavailing. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The district court's focus on Garza's offense conduct, criminal history, and post-sentencing conduct in denying Garza's motion was well within the court's discretion. *See* § 3553(a)(1); *Henderson*, 636 F.3d at 717. The district court's judgment is AFFIRMED.

Finally, Garza's motion for the appointment of counsel on appeal is DENIED, as he has no constitutional or statutory right to the appointment of counsel on appeal, and nothing in Garza's case suggests that fundamental fairness or the interests of justice require the appointment of counsel on appeal. *See United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995).