# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2016

Lyle W. Cayce
Clerk

No. 16-50113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALEJANDRO ORTIZ-VALDES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2329-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jorge Alejandro Ortiz-Valdes, federal prisoner # 86843-380, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 70-month sentence for possession of more than five kilograms of cocaine with intent to distribute.  Ortiz-Valdes sought a modification of his sentence based on Amendment 782 to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50113

Ortiz-Valdes argues that the district court erred in refusing to reduce his sentence because it did not properly consider the 18 U.S.C. § 3553(a) factors, gave excessive weight to his criminal history and relevant conduct, and did not adequately consider the other § 3553(a) factors or his mitigating arguments. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court is not required to provide reasons for its denial of a § 3582 motion or to explain its consideration of the § 3553(a) factors and is "under no obligation to reduce" a defendant's sentence under § 3582(c)(2). *Evans*, 587 F.3d at 673-74 (quote at 673). In the instant case, the record shows that the district court gave due consideration to the § 3582(c) motion as a whole, considered all of the § 3553(a) factors, and contemplated Ortiz-Valdes's mitigating arguments, including his positive post-sentence rehabilitation efforts; thus, there is no abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011); *Evans*, 587 F.3d at 672-73; *United States v. Whitebird*, 55 F.3d 1007, 1009-10 (5th Cir. 1995).

Accordingly, the order of the district court is AFFIRMED.