# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-50187
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL RAMIREZ-ARELLANO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1929-1

————

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Manuel Ramirez-Arellano, who is serving a 63-month prison sentence after pleading guilty to conspiracy to import more than one kilogram of heroin, appeals the district court's decision to deny his motion for a sentence modification under 18 U.S.C. § 3582(c)(2). Through that motion, he requested that the court reduce his sentence based on Amendment 782 to the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50187

Guidelines, which had the effect of retroactively lowering most drug-related base offense levels by two levels.

Ramirez-Arellano has not shown that the district court abused its discretion in denying the motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The court correctly recognized that he was eligible for a reduction; however, it denied the motion as a matter of discretion citing the nature and circumstances of the offense, i.e., the large quantity of heroin for which Ramirez-Arellano was held responsible, which is an appropriate factor to consider. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); 18 U.S.C. § 3553(a)(1). In addition, the district court had before it Ramirez-Arellano's arguments in favor of a sentence reduction and gave due consideration to the § 3582(c)(2) motion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.