# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30631
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODERICK WASHINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-188-4

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Roderick Washington appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court originally sentenced Washington to 126 months of imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base. Following Amendment 782 to the Sentencing Guidelines,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court denied Washington's motion for a reduction to 120 months of imprisonment.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011). If the district court bases its decision on an error of law or a clearly erroneous assessment of the evidence, it commits an abuse of discretion. *Id.* The district court does not abuse its discretion when the record shows that the court duly considered the motion as a whole and considered the 18 U.S.C. § 3553(a) factors, even implicitly. *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995).

The parties agree that Washington was eligible for a reduction. However, they dispute whether the court's denial was an abuse of discretion. In this case, the court specifically stated that it considered the § 3553(a) sentencing factors and "all of the information submitted," including Washington's presentence report. To the extent Washington argues that the court did not provide adequate reasons for its denial, "a court is not required to state findings of facts and conclusion[s] of law when denying a § 3582(c)(2) motion." *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009) (internal quotation marks and citation omitted). Because the record reveals that the district court gave due consideration to the motion as a whole and to the § 3553(a) factors, it did not abuse its discretion. *See Whitebird,* 55 F.3d at 1010.

AFFIRMED.