# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RIGOBERTO MATA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-267-15

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rigoberto Mata, Jr., who is serving a 235-month prison sentence after a jury convicted him of conspiring to conduct financial transactions involving unlawful activity, appeals the district court's decision to deny his motion for a sentence modification under 18 U.S.C. § 3582(c)(2). Through that motion, he requested that the court reduce his prison term based on Amendment 782 to the Sentencing Guidelines, which had the effect of retroactively lowering most

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug-related base offense levels by two levels.  Mata has not shown that the district court abused its discretion in denying the motion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  The court correctly recognized that Mata was eligible for a reduction and that his original sentence was at the top of his new guidelines range; however, it denied the motion as a matter of discretion, citing Mata's criminal history, the nature of the offense, and Mata's relevant conduct, all of which were appropriate factors to consider.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); 18 U.S.C. § 3553(a)(1).

Though Mata urges that the district court should have reexamined the finding it made at the original sentencing hearing regarding the quantity of drugs that corresponded to the amount of money Mata had laundered for a drug organization, § 3582(c)(2) "is not the appropriate vehicle for raising issues related to the original sentencing."  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (internal quotation marks, brackets, and citation omitted). Mata also argues that the district court improperly relied on his criminal history because, he maintains, he had no prior criminal history, but the presentence report belies this assertion.  Finally, he urges that he was not a trusted member of the drug organization, but the district court found otherwise at the original sentencing hearing, noting that Mata had "significant culpability" and played an "integral" role in the organization.

AFFIRMED.