# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-925-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Enrique Cruz appeals the denial of his 18 U.S.C. § 3582(c)(2) motion in which he argued that he was entitled to a reduction of his sentence based on Amendment 782 to the Sentencing Guidelines. Cruz pleaded guilty to possession with intent to distribute 19.01 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and was sentenced to 135 months of imprisonment. He contends that the district court denied his motion for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40148

sentence reduction based on his prior criminal history, which included state convictions for burglary of a habitation and driving while intoxicated.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quotation marks and citation omitted).

Even though Cruz is eligible for a sentence reduction under § 3582(c)(2), reductions are not mandatory; instead, § 3582 merely gives the district court discretion to reduce a sentence under limited circumstances. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009); *see also* U.S.S.G. § 1B1.10, comment. (backg'd) ("The authorization of such a discretionary reduction does not . . . entitle a defendant to a reduced term of imprisonment as a matter of right").

Cruz contends that the district court's "only cause" for denying his motion for a sentence reduction was his prior criminal history. That contention is refuted, however, by the language of the district court's order, which specifically states that the court "t[ook] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable."

Further, Cruz argues that he has already been punished for his prior convictions and that they were taken into account at his original sentencing. Efforts to relitigate sentencing issues are not cognizable at this stage. *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Cruz also claims that he is not a recidivist because he had no additional burglary or drunk driving convictions. In reality, though, he is a recidivist; he committed the instant drug trafficking offense

No. 16-40148

less than one month after being released from prison after completing his burglary sentence.

The denial of Cruz's motion for a sentence reduction was not an abuse of discretion in light of the facts of this case and the wide discretion granted to district courts under § 3582(c)(2).  The district court's judgment is AFFIRMED.