# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TUAN MINH PHAM, Also Known as Chicken,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-173-3

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tuan Minh Pham, federal prisoner # 83300-180, moves to proceed *in forma pauperis* ("IFP") on appeal.  He seeks to challenge the denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction per

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51167

Amendment 782 to the Sentencing Guidelines.

Where a district court certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge the certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the certification that the appeal is not taken in good faith, the appellant must pay the filing fee, or, alternatively, we may dismiss the appeal *sua sponte* under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its interpretation of the guidelines *de novo*. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Amendment 782 retroactively lowered most drug-related base offense levels in U.S.S.G. § 2D1.1(c) by two levels and lowers Pham's total offense level to 35. When combined with his criminal history category of II, the amended guideline range is 188 to 235 months. Pham was sentenced to 180 months. The district court could not further reduce the sentence, because Pham did not receive a downward departure from a government motion to reflect his substantial assistance to authorities. *See* U.S.S.G. § 1B1.10(b)(2)(A), (B), comment. (n.3).

The district court did not abuse its discretion in denying the § 3582(c)(2) motion. *See Henderson*, 696 F.3d at 717. Because the appeal lacks arguable merit and is therefore frivolous, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

2