# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11337
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE GARY RIVAS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-42-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Joe Gary Rivas, Jr., federal prisoner # 00278-180, is currently serving a life sentence for one count of conspiracy to import five kilograms or more of cocaine and 1,000 kilograms or more of marijuana. In the action that gives rise to the instant appeal, Rivas, relying on Amendment 782 to the United States Sentencing Guidelines, requested a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Rivas's motion on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the basis that Rivas was ineligible for a sentence reduction because Amendment 782 did not have the effect of lowering his guidelines range. On appeal, Rivas challenges this finding by the district court.

"This court reviews a district court's decision whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). Section 3582(c)(2) provides that a defendant's sentence may be modified if he was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission. § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (2009). In determining whether an amendment has altered a movant's sentencing guidelines range, "the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 782] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

Rivas asserts that the district court erred in using the drug quantity assigned to him at the original sentencing hearing because we determined on direct appeal that the drug quantity amount was erroneous in light of *United States v. Booker*, 543 U.S. 220 (2005). Rivas contends that, under *Booker*, he was only responsible for the drug quantity to which he pleaded guilty, which would have resulted in a total offense level 37. With the benefit of Amendment 782, Rivas contends that his total offense level would have been reduced to 35, thereby subjecting him to a lower sentence than his original guidelines range of 360 months to life imprisonment.

Contrary to Rivas's argument, our finding of *Booker* error on direct appeal did not require the district court on remand to recalculate Rivas's drug

No. 16-11337

quantity calculations based solely on facts admitted to by Rivas. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Moreover, *Booker* has no application to proceedings under § 3582(c)(2), and Rivas cannot relitigate the issue of drug quantity in a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 671-72, 674 (5th Cir. 2009). Because Amendment 782 did not have the effect of lowering Rivas's sentence, the district court did not abuse its discretion in denying Rivas's § 3582(c)(2) motion. *See* § 1B1.10(a)(2)(B); *Henderson*, 636 F.3d at 717.

AFFIRMED.