# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41591
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-207-1

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Arturo Gomez, federal prisoner # 86291-279, moves for leave to proceed *in forma pauperis* (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. Gomez filed the § 3582(c)(2) motion seeking to have his 240-month sentence for conspiracy to possess with intent to distribute more than five kilograms of cocaine reduced pursuant to Amendment 782 to the Sentencing Guidelines, which lowered by two levels the base offense level for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41591

most drug offenses. Because the district court that sentenced Gomez found that he was responsible for 778.18 kilograms of cocaine, an amount in excess of the quantity required to trigger the highest offense level under the amended sentencing guidelines, he has failed to show that his proposed appeal raises a nonfrivolous issue. Accordingly, we DENY his request for leave to proceed IFP and DISMISS his appeal as frivolous.

I.

In 2011, defendant-appellate Arturo Gomez pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine. The pre-sentence report (PSR) concluded that Gomez was responsible for 778.18 kilograms of cocaine. Accordingly, at sentencing, he was determined to have a base offense level of 38 due to his possession of at least 150 kilograms of cocaine and a guideline sentencing range of 262 to 327 months of imprisonment. He was sentenced to a term of imprisonment of 240 months.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782. Under that amendment, a base offense level of 38 applies to a finding of 450 kilograms or more of cocaine while a base offense level of 36 applies to a finding of between 150 and 450 kilograms. In 2015, Gomez filed a motion for retroactive application of the amended sentencing guidelines. The district court denied the motion on the grounds that possession of 778.18 kilograms of cocaine produced a base offense level of 38 under either the guidelines under which Gomez was sentenced or the amended guidelines. Gomez appealed and moved to proceed IFP. The district court denied that motion, concluding that because Gomez is not eligible for a reduction in his sentence, his appeal was not taken in good faith. Gomez has now moved in this court to proceed IFP on appeal.

No. 16-41591

II.

A federal court may refuse to certify an appeal for IFP status if it is not taken in good faith. *See* 28 U.S.C. § 1915(a). An appeal is not taken in good faith if it fails to present "legal arguments arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). Where an appeal is frivolous and "the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

On appeal, Gomez contends that the district court erred by holding him accountable for 778.18 kilograms of cocaine when ruling on his § 3582(c)(2) motion. He contends that he "pleaded guilty in agreement with the government to 5kg or more without specifying any other quantity." Gomez argues that using the correct drug amount would reduce his base offense level from 38 to 36 under Amendment 782, thereby reducing the applicable guidelines range to 210 to 262 months of imprisonment. He also contends that the district court did not properly evaluate the 18 U.S.C. § 3553(a) factors when ruling on his motion. Gomez further contends that the district court abused its discretion in not considering his motion for appointment of counsel, which he asserts was requested in his § 3582(c)(2) motion.

As to his first contention, Gomez's § 3582(c)(2) motion cannot be used to challenge the underlying drug quantity calculation. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). The scope of a proceeding under § 3582(c)(2) is "extremely limited" and should not be transformed into a "plenary resentencing proceeding[]." *Id.* at 711-12. Where, as here, the underlying drug weight calculations warrant application of the highest offense level even under the amended sentencing guidelines, a § 3582(c)(2) motion may

3

not be used to challenge the accuracy of that drug weight calculation. *See id.* at 712. Accordingly, the district court did not abuse its discretion in denying Gomez's § 3582(c)(2) motion.

Second, the district court did not abuse its discretion in failing to evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a). In determining whether to modify a sentence pursuant to § 3582(c)(2), courts are to consider the § 3553(a) factors only after first determining the applicable guideline range under the amended guidelines. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Here, because Amendment 782 did not change the applicable guideline range, the district court did not abuse its discretion by finding that Gomez was not eligible for resentencing without going on to consider the § 3553(a) factors.

Finally, the record does not reflect that Gomez requested the appointment of counsel in his § 3582(c)(2) motion.

For the foregoing reasons, the request for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.