# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-51053
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELISEO MONTES, JR.,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-80

————

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury found Eliseo Montes, Jr., federal prisoner # 04079-380, guilty of conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana (Count One) and conspiracy to launder money (Count Two). The district court sentenced Montes to 240 months of imprisonment on each count, to be served concurrently. He challenges the denial of a sentence reduction

—————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51053

under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 to Sentencing Guideline § 2D1.1.

In determining whether to reduce a sentence under § 3582(c)(2), the district court must first determine whether the defendant is eligible for a sentence modification and the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If the court determines that a defendant is eligible for a sentence modification, it must then consider any applicable 18 U.S.C. § 3553(a) factors to decide whether, in its discretion, the authorized reduction is warranted in whole or in part. *Id.* at 827. We review for an abuse of discretion a district court's decision not to reduce a sentence pursuant to § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Here, the district court implicitly determined that Montes was eligible for a sentence reduction under Amendment 782. The district court's stated reasons for denying the motion, namely that a sentence reduction would not adequately reflect Montes's culpability and the seriousness of the offense, promote respect for the law, or afford adequate deterrence to criminal conduct, considering the amount of drugs involved, were within the court's discretion. *See* § 3553(a)(1); *Dillon*, 530 U.S. at 827; *see also United States v. Evans*, 587 F.3d 667, 673 & n.9 (5th Cir. 2009).

AFFIRMED.