# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10741
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff−Appellee,

versus

ENRIQUE GAMINO-PEREZ,

                    Defendant−Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
No. 4:13-CR-12-4

———————————————

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

    Enrique Gamino-Perez appeals the denial of his motion under 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2) to reduce his sentence for possession with intent to distribute a controlled substance. Gamino-Perez sought a modification of his sentence based on Amendment 794 to the Sentencing Guidelines.

"This court reviews a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks, alteration, and citation omitted). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Gamino-Perez has failed to show that the court abused its discretion by concluding that Amendment 794 is not retroactively applicable and denying § 3582(c)(2) relief. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S.S.G. § 1B1.10(d), p.s. Gamino-Perez's theory that Amendment 794 is a clarifying amendment and therefore can be applied retroactively is unavailing. *See United States v. Drath*, 89 F.3d 217−18 (5th Cir. 1996) ("Only on direct appeal, however, have we considered the effect of such a 'clarifying' amendment not in effect at the time the offense was committed."); *see also United States v. Sanchez-Villareal*, 857 F.3d 714, 719−21 (5th Cir. 2017).

AFFIRMED.