# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2019

Lyle W. Cayce
Clerk

No. 18-40926
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BALDOMERO VEGA, also known as El Viejo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1667-15

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Baldomero Vega, federal prisoner # 57724-080, has moved for leave to proceed in forma pauperis (IFP) in an appeal from the district court's order denying his motion under 28 U.S.C. § 3582(c)(2) for a sentence reduction in light of Sentencing Guidelines Amendment 782. By moving this court for leave to proceed IFP, Vega is challenging the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997).   Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  The order denying the motion for a sentence reduction is reviewed for an abuse of discretion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Vega contends that the district court abused its discretion and failed to consider the statutory sentencing factors and his rehabilitation efforts during his incarceration.  Because he was sentenced at the bottom of the original guidelines range, he asserts, he should have been resentenced at the bottom of amended guidelines range.  In a prior appeal, we rejected the same contentions.  *United States v. Vega*, No. 17-41005 (5th Cir. May 11, 2018) (unpublished).

After a review of his filings in this court, we conclude that Vega has failed to show that his appeal involves a nonfrivolous issue.  *See Howard*, 707 F.2d at 220.  The request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  We WARN Vega that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Vega should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.