# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-40424
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROGELIO GUERRERO, *also known as* BARROTES, *also known as* CANAS, *also known as* CANOSO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-502-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40424

Rogelio Guerrero, federal prisoner # 95371-079, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 235-month sentence of imprisonment for one count of conspiring to possess, with intent to distribute, 1,000 kilograms or more of marihuana and one count of possession with intent to distribute, 100 kilograms or more, that is, approximately 389.5 kilograms of marihuana, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(a), (b)(1)(B).    Proceeding *pro se*, Guerrero sought a reduction of his sentence based on Amendment 782 to the Sentencing Guidelines.

Continuing to proceed *pro se*, Guerrero contends the district court abused its discretion in denying his motion by failing to consider post-sentencing factors in its decision, including that he has served over 50 percent of his sentence, has taken several rehabilitation classes, has not received a single disciplinary infraction, and is no longer a danger to society. A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Although the court determined Guerrero was eligible for a reduction pursuant to Amendment 782, it concluded a reduction was not warranted after consideration of Guerrero's motion, the district-court record, the presentence investigation report, and the 18 U.S.C. § 3553(a) sentencing factors.  Because the court gave due consideration to the § 3582(c)(2) motion and the applicable § 3553(a) sentencing factors, Guerrero has not shown an abuse of discretion.  *See Henderson*, 636 F.3d at 718 (stating district court has discretion to grant reduction); *see also United States v. Evans*, 587 F.3d 667, 673 & n.10 (5th Cir. 2009) (explaining district court not required to consider post-sentencing rehabilitative conduct).

AFFIRMED.

2