# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50331
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Osvaldo Villanueva Rodriguez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-993-1

_____

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Raul Villanueva Rodriguez, federal prisoner #28040-480, moves to proceed *in forma pauperis* ("IFP") in his appeal of the order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentences for his two controlled-substance convictions. His motion was based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. To proceed IFP, a litigant must demonstrate both financial eligibility and a nonfrivolous issue for

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Villanueva Rodriguez presents a nonfrivolous argument for appeal, we GRANT his motion to proceed IFP. *See* 28 U.S.C. § 1915(a)(1); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We dispense with further briefing and vacate and remand.

We review a district court's decision "whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

The district court determined that Villanueva Rodriguez's guidelines range was 135 to 168 months and sentenced him to 135 months. In denying his § 3582(c)(2) motion, the court determined that, under Amendment 821, Villanueva Rodriguez qualified for a sentence reduction because he satisfied the criteria in U.S.S.G. § 4C1.1 (2023) and that his amended range was 108 to 135 months. But the court found that Villanueva Rodriguez was ineligible for a reduction because the amended range still "encompass[es] his 135-month sentence."

In deciding whether to reduce a sentence under § 3582(c)(2), a district court must take a "two-step approach" and first determine whether the reduction is permissible under U.S.S.G. § 1B1.10, p.s., and, if so, second, determine whether, and to what extent, to reduce the sentence in light of the 18 U.S.C. § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (quote on 827). The district court found at step one that § 4C1.1 (2023) had the effect of lowering Villanueva Rodriguez's applicable guidelines range under § 1B1.10 but found that he was ineligible for a reduction

because his 135-month sentence was encompassed by the 108-to-135-month amended range. But there is nothing in § 1B1.10 or this court's caselaw that makes a defendant ineligible for a sentence reduction merely because his current sentence is within the amended range. Accordingly, Villanueva Rodriguez has shown not only the existence of a nonfrivolous issue, *see Howard*, 707 F.2d at 220, but that the district court erred in finding him ineligible for a reduction, *see Henderson*, 636 F.3d at 717.

Accordingly, the order is VACATED, and the case is RE-MANDED for further proceedings. We in no manner intimate that Villanueva Rodriguez is entitled to a sentence reduction based on the § 3553(a) factors or the extent of any § 3582(c)(2) reduction to which he may be entitled.