# United States Court of Appeals for the Fifth Circuit

---

No. 24-50362
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Evette Cesilia Botello Vargas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-220-2

---

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se* and *in forma pauperis*, Evette Cesilia Botello Vargas, federal prisoner # 55862-509, challenges the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence. Vargas contends she is entitled to a two-offense-level reduction, based on a new provision of the Sentencing Guidelines allowing such a reduction for defendants with zero

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

criminal-history points and who meet other requirements in the new provision. *See* U.S.S.G. § 4C1.1(a).

Our court reviews the denial of a § 3582(c)(2) motion for abuse of discretion. *E.g.*, *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). In denying Vargas' motion, the court concluded she was ineligible for the reduction because she did not meet all the criteria under Guideline § 4C1.1(a). The court did not specify the subsection(s) under which she was ineligible, stating instead that Vargas did "not meet all the criteria" provided in the new provision; but it is "not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion". *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (citation omitted).

Guideline § 4C1.1(a) lists ten criteria defendant must meet to qualify for the reduction, one of which includes having zero criminal-history points (which Vargas satisfies). Even with the absence of specification from the district court, subsection (7) is likely the criterion that Vargas could not meet. That subsection requires that "defendant did not possess . . . a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense". U.S.S.G. § 4C1.1(a)(7). (In addition, Vargas primarily addresses that subsection in her appeal, as discussed *infra*.)

Our court has not yet interpreted Guideline § 4C1.1(a)(7), but its plain language precludes the reduction as applied to Vargas based on her prior admissions. In her plea agreement for the underlying drug charge, Vargas admitted she owned one of the firearms found in the vehicle in which she was a passenger that was used to transport drugs, and also admitted the firearm was "for their protection during the transportation and sale of the controlled substance". Vargas maintains she complies with subsection (7) because she lawfully possessed the firearm. The provision, however, states nothing about whether the firearm was legally obtained for noncriminal purposes, requiring

only that it was possessed "in connection with the offense". U.S.S.G. § 4C1.1(a)(7).

When interpreting the Guidelines, the rules of statutory interpretation apply, and our "court uses 'a plain-meaning approach'", so long as the "language is unambiguous, and does not lead to an 'absurd result'". *United States v. Stanford*, 883 F.3d 500, 511 (5th Cir. 2018) (citations omitted). Additionally, our court, interpreting identical language in Guideline § 5C1.2(a)(2), which allows for a Guidelines sentence below the statutory minimum if certain criteria are met, including not "possess[ing] a firearm . . . in connection with the offense", has held such language applied where a firearm was kept for the protection of drugs and members of a drug conspiracy. *See United States v. Matias*, 465 F.3d 169, 171 (5th Cir. 2006) (Guideline § 5C1.2(a)(2) applied where a "rifle was kept at the stash house for the protection of [a drug organization's] workers . . . and to protect the drugs").

Vargas' admission that she possessed the firearms found in her vehicle "for . . . protection during the transportation and sale of the controlled substance", falls squarely within our court's interpretation of Guideline § 5C1.2(a)(2), which uses language identical to Guideline § 4C1.1(a)(7). Accordingly, the district court did not abuse its discretion in denying Vargas' motion for a reduced sentence.

AFFIRMED.