# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50633
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BASILIO ARTURO CERVANTES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-317-1

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Basilio Arturo Cervantes, federal prisoner # 40493-180, appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Cervantes asserted that he was entitled to relief under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) (FSA). He contends that the district court abused its discretion by requiring him to show

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

extraordinary and compelling reasons warranting early release, which is a factor for a prisoner seeking compassionate release pursuant to § 3582(c)(1). Cervantes argues that he is eligible for relief under FSA § 404, that the Government conceded that the FSA lowered the statutory minimum sentence for his offense under 21 U.S.C. § 841(b)(1)(A), and that the 18 U.S.C. § 3553(a) factors weigh in favor of a reduced sentence.

We review the denial of § 3582(c)(2) relief for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Cervantes is not eligible for relief under § 3582(c)(2) based on FSA § 404 because this provision did not have the effect of reducing the guidelines range giving rise to his sentence. *See United States v. Batiste*, 980 F.3d 466, 469–70 (5th Cir. 2020); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Although § 401 of the FSA altered the statutory minimum sentences of § 841(b)(1)(A) and (B), those provisions do not apply to Cervantes because he was sentenced prior to its enactment. *See United States v. McClaren*, 13 F.4th 386, 417 (5th Cir. 2021). Additionally, although the district court stated that Cervantes was required to show extraordinary and compelling reasons, the court's analysis reflected consideration of the § 3553(a) factors, which was a proper consideration under § 3582(c)(2). *See Henderson*, 636 F.3d at 717. Cervantes's contention that the § 3553(a) factors should count in favor of a sentencing reduction constitutes a disagreement with the court's weighing of those factors, which does not constitute an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009).

The district court could also have construed Cervantes's motion as arising under the FSA. *See Concepcion v. United States*, 597 U.S. 481, 488 (2022). As noted above, FSA § 401 was not made retroactive to individuals sentenced prior to its enactment. *See McClaren*, 13 F.4th at 417. Section 404 of the FSA applies to offenses committed prior to August 3, 2010, and increased the amount of cocaine base needed to trigger enhanced sentences

under § 841(a)(1)(A) and (B). *See Concepcion*, 597 U.S. at 495; *Batiste*, 980 F.3d at 469-70. Cervantes's offense occurred in September 2011 and involved powder cocaine. Thus, Cervantes is unable to show that the district court abused its discretion in denying his motion because he was not eligible for relief under the FSA. *See Batiste*, 980 F.3d at 469.

AFFIRMED.