# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

_____

No. 25-10580
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Herman Lucio,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-174-1

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Anthony Herman Lucio, federal prisoner # 58474-177, appeals the denial of his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines, and also appeals the denial of his post-judgment motion for reconsideration. However, even when his pro se filings are liberally construed, Lucio does not

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10580

brief a challenge to the district court's determination that he was ineligible for a sentence reduction under § 3582(c)(2) based on Amendment 782. Accordingly, he has waived the issue of his ineligibility. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In any event, the record reflects that Lucio was sentenced after Amendment 782's effective date and that he received the benefit of this amendment in the calculation of the applicable guidelines range. Thus, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and he was thus ineligible for the claimed sentence reduction, *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). Given his ineligibility for a sentence reduction, Lucio's contention that the district court erred in not discussing the 18 U.S.C § 3553(a) factors is unavailing. Lastly, to the extent that Lucio challenges the district court's drug quantity calculation at the original sentencing hearing, such an argument is not cognizable in a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

In light of the foregoing, the district court did not abuse its discretion in denying Lucio's motions seeking a reduction and reconsideration. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED.